UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.

DALVON CURRY,

        Defendant.

17-CR-103-LJV-HKS-7
DECISION & ORDER

---

On February 24, 2020, a jury convicted the defendant, Dalvon Curry, on all nine counts charged against him in the superseding indictment: one count of racketeering conspiracy; one count of narcotics conspiracy; one count of possession of a firearm in furtherance of a drug trafficking crime; two counts of murder in aid of racketeering activity; two counts of discharge of a firearm in furtherance of a crime of violence; and two counts of discharge of a firearm causing death in furtherance of a crime of violence. *See* Docket Item 597. The convictions stemmed from Curry's involvement in the CBL/BFL gang, including by selling drugs; the December 5, 2015 murder of Jaquan Sullivan; and the January 1, 2017 murder of Xavier Wimes.

On August 27, 2021, Curry asked this Court to reconsider its prior decision, Docket Item 898, denying his motions for acquittal and for a new trial under Federal Rules of Criminal Procedure 29 and 33, respectively. Docket Item 908. On September 20, 2021, the government responded, Docket Item 912, and on October 14, 2021, Curry replied, Docket Item 920.

Much of Curry's motion for reconsideration, apparently prepared by him personally but adopted and filed by his attorney, *see* Docket Item 908; *see also* Docket

Item 920, simply reargues matters already decided by this Court.  For example, Curry insists—he explicitly states that he "stands his ground"—that the evidence was insufficient to prove a narcotics conspiracy (Counts 2 and 3, charging conspiracy and possession of firearms in furtherance of that conspiracy), *see* Docket Item 908-1 at 15-18; likewise, he argues that the evidence was insufficient to prove that he murdered Sullivan (Counts 4, 5, and 6) or Wimes (Counts 7, 8, and 9) or that he did so to increase his standing in the criminal enterprise, *see id*. at 21-32.  This Court already considered and addressed those arguments it its prior decision, however, and Curry raises nothing new that provides any reason to revisit those issues.

Curry also argues that Counts 5 and 6, and Counts 8 and 9, are multiplicitous.  *See id.* at 10-15.  Counts 5 and 8 charged discharge of a firearm in furtherance of a crime of violence with respect to the Sullivan and Wimes murders, respectively.  *See* Docket Item 596 at 15, 17.  Counts 6 and 9 charged discharge of a firearm *causing death* in furtherance of a crime of violence with respect to the Sullivan and Wimes murders, respectively.  *See id.* at 15-18.  The only difference between Counts 5 and 8 on the one hand, and Counts 6 and 9 on the other, is that the latter counts charge that the discharge of the firearm resulted in death.  The government agrees with Curry that Counts 5 and 8 are lesser included offenses of Counts 6 and 9 and will move to dismiss Counts 5 and 8 at sentencing.  *See* Docket Item 912 at 12-13.  Curry's argument in this regard therefore is—or soon will be—moot.

Finally, Curry contends that the evidence supporting his various convictions based on crimes of violence was legally insufficient.  In this regard, he first argues that because a RICO conspiracy is not a crime of violence, his convictions based on crimes

2

of violence must be set aside.  *See* Docket Item 908-1 at 2-7.  But the RICO conspiracy is not the crime of violence connected to those charges; second-degree murder under New York law is.  And so Curry's arguments that evidence of the required crime of violence was lacking, and that the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), and its progeny constitute new law warranting reconsideration, lack merit.

Along the same lines, Curry argues that because second-degree murder under 18 U.S.C. § 1111—the federal murder statute—"can be committed recklessly," second-degree murder cannot "constitu[t]e [] a crime of violence under the 924(c) element clause."  *Id.* at 8-9.  But the jury did not convict Curry based on second-degree murder under 18 U.S.C. § 1111.  Instead, the jury found that Curry intentionally and unlawfully caused two deaths in violation of New York Penal Law section 125.25(1)—the crimes of violence in aid of racketeering charged in Counts 4 and 7.  *See* Docket Item 596 at 13-17; Docket Item 597 at 4.  Under New York Penal Law section 125.25(1), "[a] person is guilty of murder in the second degree when[] . . . *[w]ith intent to cause the death of another person*, he causes the death of such person or of a third person."  N.Y. Penal L. § 125.25(1) (emphasis added).[1]  And this Court explicitly charged the jury that intentional—not reckless—murder was a prerequisite for the crime of violence charged.  *See* Docket Item 795 at 144-45.

---

[1] Under New York Penal Law subsection 125.25(2), second-degree murder can be committed recklessly in certain circumstances.  Because the jury found that Curry committed intentional second-degree murder under subsection 125.25(1), however, the other subsections of 125.25 do not affect the Court's conclusion here.  *See United States v. Gomez*, 2021 WL 3617206, at *6 (S.D.N.Y. Aug. 16, 2021) ("[Section 125.25] is considered 'divisible,' meaning that the [c]ourt looks to the subsection under which [the] defendant was actually convicted when applying the categorical approach.").

In *United States v. Castleman*, 572 U.S. 157 (2014), the Supreme Court held that "the knowing or intentional causation of bodily injury necessarily involves the use of physical force." *Id.* at 169. "Given the Supreme Court's conclusion" in *Castleman*, "it is impossible not to conclude that the intentional causation of death, as required by [New York] Penal Law § 125.25(1), necessarily involves the use of physical force." *Boykin v. United States*, 2020 WL 774293, at *8 (S.D.N.Y. Feb. 18, 2020). "[T]he consensus view of courts in the Second Circuit" therefore is that "substantive murder in aid of racketeering based on New York Penal Law § 125.25 remains a crime of violence under section 924(c)'s elements clause." *United States v. Rodriguez*, 2021 WL 3667892, at *2 (S.D.N.Y. Aug. 18, 2021) (collecting cases); *see also United States v. Sierra*, 782 F. App'x 16, 20 (2d Cir. 2019) (summary order) (reasoning that because it is "self-evident that under New York law attempted murder is a crime [that] unmistakably involve[es] an attempted use of physical force. . . . [i]t follows that murder is a crime involving the use of such force" (citations and internal quotation marks omitted)).

This Court now joins that consensus. Because second-degree murder in violation of New York Penal Law section 125.25(1) is a crime of violence under 18 U.S.C. § 924(c)(3)(A), Curry's motion for reconsideration on this ground is denied.

## **CONCLUSION**

For all the above reasons and for the reasons stated in this Court's prior decision, Docket Item 898, Curry's motion for reconsideration, Docket Item 908, is DENIED. The Court will schedule sentencing in a separate text order.

SO ORDERED.

Dated: October 27, 2021
       Buffalo, New York

 

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE