UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



—————————————————————————

DALVON CURRY,

        Petitioner,

     v.                          17-CR-103-LJV
                                         25-CV-995-LJV

UNITED STATES OF AMERICA,           ORDER

        Respondent.

—————————————————————————

      The pro se petitioner, Dalvon Curry, a prisoner confined at United States

Penitentiary-Coleman ("USP-Coleman"), has filed a motion to vacate, set aside, or

correct his sentence under 28 U.S.C. § 2255. Docket Item 1151.[1]  As he alleges in

more detail in his motion, Curry claims that his conviction in this Court was

unconstitutionally or unlawfully obtained. *Id.*  Curry also has filed motions for a 90-day

extension of time to "properly file and do extended research," Docket Item 1149 at 2,

and to proceed in forma pauperis (that is, as someone who cannot afford to pay the

filing and administrative fees), Docket Item 1150.

      Curry requests the extension because USP-Coleman has been on lockdown

"since early July,"[2] and "as of August[, it] has been on a[n] extended lock[]down due to

————————————————

    [1] Docket citations are to the criminal docket, case number 17-cr-103.

    [2] The motion does not indicate whether USP-Coleman has been on lockdown
since July 2024 or July 2025.  *See* Docket Item 1149 at 1.  For purposes of this order,
the Court presumes that the lockdown began in July 2024 because on November 8,
2024, Curry filed a similar motion for an extension of time based on the fact that USP-
Coleman was locked down.  Docket Item 1108.  The Court denied that motion because
a court can grant an extension of time only after a section 2255 motion has been filed,
and Curry had not yet filed a section 2255 motion.  *See* Docket Item 1129.

security reasons." *Id.* at 1.  He attaches a Confiscation and Disposition of Contraband form, dated August 28, 2025, indicating that his legal materials were confiscated.  *Id.* at 3-4.  He also includes a memorandum from the Federal Bureau of Prisons, dated September 25, 2025, stating that "the untimely filing of the following legal correspondence is not the fault of inmate Curry" because "FCC Coleman USP-1 has been [on] lockdown or modified operations with no inmate movement to the legal law library."  *Id.* at 5.

Because Curry now has filed a section 2255 motion, which asserts several grounds for relief, his request for an extension of time is construed as one for an extension of time to amend or supplement his motion due to an extended lockdown at the correctional institution where he is confined.  *See* Docket Item 1149 at 1-2.  Because Curry has shown good cause for his request and because there would be no prejudice to the respondent, Curry is granted an additional 90 days from the date of this order to amend or supplement his motion.[3]  Once Curry files papers amending or supplementing his motion, the government shall answer or otherwise respond to the motion (or any amendment or supplement thereto) as set forth below.

---

[3] The Court notes that Curry's section 2255 motion appears to be timely.  Curry's petition for a writ of certiorari was denied on October 7, 2024.  *Curry v. U.S.*, 145 S. Ct. 294 (Oct. 7, 2024) (Mem).  He therefore had one year from that date to file a section 2255 motion.  *See* 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that a federal judgment becomes final "when th[e Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." (collecting cases).  The affirmation of service attached to Curry's motion is signed and dated September 30, 2025, which is within one year of the date his certiorari petition was denied.  *See Houston v. Lack*, 487 U.S. 266, 271 (1988) (a pro se prisoner litigant's papers are deemed to have been filed when they are placed in the hands of prison officials for mailing).

## ORDER

**IT IS HEREBY ORDERED** that Curry's motion for an extension of time, Docket Item 1149, is GRANTED, and Curry shall amend or supplement his section 2255 motion **within ninety (90) days of the date of this order**; and it is further

**ORDERED** that, in accordance with Rules 4 and 5 of the Rules Governing Section 2255 Cases in the United States District Courts, the respondent shall file and serve an answer to the motion (and any amendment or supplement thereto) within **45 days of the date of the filing of Curry's amendment or supplement to the motion**. If Curry does not file an amendment or supplement to his motion, the respondent's answer to the motion shall be filed and served **within 45 days after the 90-day period to amend or supplement the motion has expired**.  The answer shall respond to the allegations in the motion (and any amendment or supplement thereto) and shall state whether Curry has used any other available federal remedies including any prior post-conviction motions under these rules or those existing before the adoption of the present rules, and whether Curry received a post-conviction evidentiary hearing in a federal court.  Further, the answer shall state whether Curry appealed the conviction, and what ruling, if any, the United States Court of Appeals has made on the appeal; and it is further

**ORDERED** that, in addition to the answer, the respondent also shall file and serve by the above date a memorandum of law addressing each of the issues raised in the motion (and any amendment or supplement thereto) and including citations of relevant supporting authority; and it is further

**ORDERED** that within 20 of service of the answer, Curry may file a written reply to the answer and memorandum of law; and it is further

**ORDERED** that within 20 days of the date that any amendment or supplement to the motion is filed with the Clerk of Court or within 20 days after the 90-period to amend or supplement the motion has expired, the respondent may file a motion for a more definite statement or a motion to dismiss Curry's motion (or any amendment or supplement thereto), accompanied by appropriate exhibits which demonstrate that an answer to the motion (or any amendment or supplement thereto) is unnecessary; and it is further

**ORDERED** that Curry's motion to proceed in forma pauperis, Docket Item 1150, is DENIED as unnecessary to the extent Curry requests waiver of a filing fee[4] and denied without prejudice as premature to the extent Curry may be requesting transcripts under 28 U.S.C. § 753(f)[5] or free copies of documents or parts of the record on file under 28 U.S.C. § 2250;[6] and it is further

---

[4] Section 2255 motions and their corresponding petitions do not require filing fees. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 3, Advisory Committee Notes ("There is no filing fee required of a movant under these rules. This . . . is done to recognize specifically the nature of a [section] 2255 motion as being a continuation of the criminal case whose judgment is under attack.").

[5] In relevant part, 28 U.S.C. § 753(f) provides:

Fees for transcripts furnished in proceedings brought under [28 U.S.C. § 2255] to persons permitted to sue or appeal in forma pauperis shall be paid by the United States . . . if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

[6] 28 U.S.C. § 2250 provides:

If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without

ORDERED that the Clerk of Court is directed to serve a copy of the motion, Docket Item 1151, together with a copy of this order, upon the United States Attorney for the Western District of New York, 138 Delaware Avenue, Buffalo, New York 14202; and it is further

ORDERED that all docketing for this action shall be made in the related criminal action 17-CR-103.

THE PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE UNITED STATES ATTORNEY.

SO ORDERED.

Dated:   October 29, 2025
         Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

---

cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.